May I take your attention to the people of the state of Illinois? May the attorneys please come up and introduce yourself? Good morning. My name is Monique Padman, representing the people of the state of Illinois. Can you, on behalf of Daniel Ramierz? Great, thank you. All right, may I begin? Good morning, your honors. My name is Chan Yoon, and I represent Daniel Ramierz in this matter. This morning I would like to discuss Issue 1A from the briefs and also address the state's argument concerning consecutive sentencing. I'm also, of course, happy to answer any questions you may have concerning the other issues. And I would like to reserve five minutes for rebuttal. Daniel was convicted of attempted first-degree murder in relation to a shooting that occurred when he was only 17 years old. He was sentenced to a term of 40 years for that offense, which includes a 25-year firearm add-on. Despite the firearm enhancement, the trial judge in this case stated that among the most aggravating facts was the fact that a gun was used to shoot upon a van full of four kids. Or in other words, the trial judge considered the shooting itself as an aggravating factor, even though that formed the basis for the firearm enhancement. Let me ask you, Mr. Yoon, we get this argument quite a bit that in the sentencing hearing, the trial judge mentions the use of a firearm, and therefore it must be double-counting because of the firearm enhancement. We get that argument a lot. And isn't it proper for a trial judge in sentencing, when an offense involves a firearm, to mention the circumstances of the shooting? Isn't it different if somebody shoots at someone on a dark, deserted street versus this case, where Mr. Ramirez shot at a van full of people in a neighborhood where a high school was letting out? Isn't it appropriate for a trial judge to consider that? It's appropriate for the judge to consider the facts. But in this case, the judge was using the shooting itself as an aggravating factor. If you look at the sentencing hearing itself, the judge frames it, and that's on the record P10, the judge frames it as saying the most aggravating facts in this case are the facts, and then he starts to describe the shooting. That is, he shoots a gun at a van occupied with four people in a neighborhood where a high school is letting out, and there are dozens of people around. What is wrong with that? Well, the judge doesn't mention the high school, the fact that this was occurring at a high school at dismissal time. But he says the most aggravating circumstances are the facts, and those are the facts. Put it another way, could you describe this case without talking about a gun? You could describe it. How could you do that? I mean, it's inherent in describing what occurred, and he's describing the facts. It's fine to say that it was a shooting, but here what our position is is that he's saying that it's the most aggravating fact, the shooting itself is the most aggravating factor. Where does he say that? He says the facts generally. Well, we would interpret it as when he's saying the most aggravating facts, and then he goes right to the shooting, that he's using that factor as the primary reason to increase Daniel's sentence from. But isn't he describing what happened? I mean, there's a difference. He says aggravating facts is the case or the facts. Okay. Give me the first line of describing the facts. The first line would be it opened up a gun and shot some kids in a van. I mean, how else would you describe what this case is about? That describes it in a nutshell. I think what's important about what the trial court said here was the use of the word aggravating, and then he describes the shooting, but he doesn't mention the other factors in terms of the fact that this happened by a high school or that there were other students around. If he had mentioned those facts, sure, that could have been outside circumstances that described the degree of harm, but because he just mentioned the shooting itself, it shows that after he's talking about the aggravating facts, it shows that the judge was considering that fact alone, the fact that the defendant or that someone used a gun to shoot upon the van. In a similar case in People v. Walker, this court found out it was error, where the trial court stated that as an aggravating factor, the fact that the defendant pulled out a gun, pointed at the victim's head, and pulled the trigger. In a similar way, he's talking about the shooting in that case. So our position is that the same conclusion has to be reached here, because the trial judge was considering the shooting as an aggravating factor when that's already covered by the firearm enhancement. But your argument about the enhancement, doesn't it get it backwards? Because what a trial judge does in imposing a sentence is first impose a sentence within the range for the particular offense. The range here is 6 to 30 years. He elected to impose a 15-year sentence for the attempt murder charge. And then the law says, and you have to add on to that 25 years because the attempt murder was perpetrated with the use of a firearm. As I understand your argument, you're saying the firearm is already included in the enhancement, and therefore we have to go toward the minimum sentence on the underlying offense. But that's not how sentencing works, is it? I believe, or we believe our argument is more in the context of there's the minimum sentence and then there's the firearm enhancement applied. So now that the firearm enhancement has already been applied, the fact that a gun was used and the fact that the gun caused great bodily harm can't be an additional factor. Again, there are cases where they describe degree of harm and that was ruled to be fine. But in those cases, they described specific aggravating factors or aggravating circumstances. For example, in People v. Banks, the court specifically noted that the shooting was that the defendant shot an unarmed person and considered that fact as an aggravating factor. When the firearm enhancement, that 25-year firearm enhancement already applies, our position is that the court can mention that a gun was used, but to consider that as an aggravating factor is improper. But if you look at the paragraph, which we must as a whole, what he's actually saying, if you look at it as a whole, is that no one was killed, and that's why he's not giving the highest sentence. So the factors are the facts. And in the facts here, he's saying, well, I could go, here's why I'm not going up high. He said nobody was killed. People were shot. Shots were fired into a van. One person hurt. Nobody was killed. And the final sentence says, otherwise he would have been sentenced to a period of time long enough that he would never have the opportunity of getting out. So really, you're looking at the second sentence. But if you look at the whole context of this paragraph, he's actually saying, this is why I'm not giving you the longer sentence. We would say that the court considering the fact that no one was killed as another factor to mitigate the sentence is probably true, but it still doesn't nullify the fact that the court considered the first, the shooting itself initially as an aggravating factor. Or was he just saying what the facts are? I mean, in a nutshell, that first paragraph tells you what happened in this case. I think the way he framed it, or I think we think the way he framed it, shows that he was considering that shooting, the shooting itself as an additional factor that was already covered by the firearm enhancement. In any case, that would be our position that because of this firearm enhancement, it's 25-year firearm enhancement already applied, that trial court can't consider it. Again, it would be improper double enhancement in that matter. He gives basically two reasons for the 15-year part of the sentence. The fact that the defendant didn't own up to it, didn't take responsibility for it. And he says, actually, it's one reason. And then he's describing the circumstance. I still don't see how judges aren't allowed to do that. They're supposed to say what happened. You can't explain the situation without saying a gun was used. It doesn't necessarily mean that the judge considered it aggravating. It wasn't like he said, here are the things that I think are aggravating, one, two, three, four, five, and this is how many years I'm going to give for each of these points. It was just a sort of conglomerate. I look at it more as the judge was concerned that this young man didn't take any responsibility for it. I think what's salient about his first sentence is the most aggravating facts in the case are the facts. And I think using that word aggravating and then going right to the shooting and then discussing the other factors, I think it's clear here that the judge was at least considering that shooting as an aggravating factor. I think by the way he framed it in his comments when he was discussing what factors he was going to consider for Daniel's sentence. In any case, we believe that that was improperly considered, the firearm enhancement. I'm surprised that you're not arguing more about the gang stuff. Because to me that was a better argument for your side. Well, again, that's the issue raised in Issue 1B. And again, we also believe that the trial court improperly considered the gang evidence as well. There was no evidence that Daniel was in a specific gang in this case. The record shows that this was I guess a confrontation between the Land Saints and the Gangster Disciples. And there's no evidence that Daniel, who was supposedly with the group of Gangster Disciples, was a Gangster Disciple himself. What explanation is there for his conduct other than if he wasn't a member of the gang, he was defending his friends who were? We're not sure in terms of motivation. Again, the jury found beyond a reasonable doubt that Daniel was the shooter. But there was no evidence of any motive besides that he was with this group that was apparently throwing gang signs. A lot of these people in that group were wearing the gang color of the Gangster Disciples, which is royal blue. Daniel was not wearing that color. He was wearing a white t-shirt. Also, he does not have any gang tattoos. And if he wasn't a gang, he admitted in his PSI that the dominant gang in his neighborhood is called La Raza. And it wouldn't make sense for him to be in this other gang, the Gangster Disciples. Again, there was evidence that two gangs were involved, but there was no specific evidence that Daniel was involved in a gang and that this was a gang-motivated shooting. But isn't there a difference between being involved in a gang and belonging to a gang? Because you don't have to belong to a gang to be involved in one. That is, somebody asked you to do something, and you did it. I mean, he's the shooter. You're saying that this was a gang situation that he was involved in. He didn't say he belonged to a gang or he was a gang member. That's nowhere to be seen from the judge's comment. But this incident involved gangs. So at the very least, the fact that it involved gangs, because the testimony so states, that somehow he was involved? I think the way the judge phrases it, he says, I feel sorry for his family. They know the circumstances. If he hadn't been involved in gangs, he may very well have gotten a job, been a productive member of society. So I think when the judge says that Daniel was involved in gangs, it's not just a one-time incident, but more throughout his life the judge is considering. So I think that implies that the judge was finding that Daniel was a gang member himself. But we have to read it. You're implying that, but that's not what he said. Just this one incident is enough to be involved and to ruin his life. It could be interpreted as well. I think in the context of this sentence... He didn't say a gang or a gang. He said gangs. There were two gangs there. Sure. Again, we would interpret it as the judge saying that his involvement in gang activity, not in an isolated incident, but more as that being the dominant aspect of his life. But again, we like to emphasize that there was no evidence that Daniel himself was involved in a gang, that he was a gang member, that he was participating in the gang life at this incident. So I guess what we would like to say is the bottom line is that this matter does have to be remanded for resentencing so that the judge can consider the proper factors. I would like to just briefly discuss also the consecutive sentencing issue. In this matter, the state suggests that this case is like ARNA because there is a severe bodily injury and there is no consecutive sentencing imposed. But if you look at the facts, this case is very different from ARNA. First of all, the injury in this case, Rebecca Mangana's arm wound cannot be considered severe. In terms of what happened in ARNA, when you compare it to that case, the victims in that case were shot in the chest and shot in the head. Here, Rebecca Mangana was just shot in the arm and then she went to the hospital and received some treatment, some medicine and a bandage and then she left the hospital. Again, we're not trying to minimize what happened here, but this can't be considered a severe injury in terms of what happened in ARNA. I think it's important to establish that distinguishable fact right off the bat. Also, unlike ARNA, in this case, the trial court made an implicit finding that there was no severe bodily injury. At sentencing, the state, again, it suggested that Mangana suffered a severe bodily injury, but the state or, excuse me, the trial judge rejected that suggestion by imposing concurrent sentencing. So by that fact alone, the trial court made a finding that there was no severe bodily injury and this court should defer to the trial court's finding on that matter because the trial court isn't the best position. So in Witherspoon, that case, it's true, the revealing court made a finding that there was no meaningful distinction between great bodily harm and severe bodily injury. But they only arrived at that finding because trial court arrived at that finding. So our position is that Witherspoon does not stand for the proposition that great bodily harm automatically is equivalent to severe bodily injury. Those are two different concepts. The jury decides great bodily harm for the purpose of the firearm enhancement and the judge decides, the trial judge decides if there's severe bodily injury for the purpose of whether consecutive sentencing is necessary. So in theory, what happened in Witherspoon is the trial, or the appellate court was just deferring to the trial court's judgment on that matter. So it actually supports the assertion, or our position here, that this court must defer to the trial court's ruling since the trial court is in the best position to make that judgment. So with that said, just to conclude, we would ask that this court remand this matter for resentencing and reject the state's assertion that consecutive sentencing is mandatory. But if this court does find that consecutive sentencing is mandatory, this court should remand that issue to the trial court as well instead of automatically correcting the minimum as the state suggests. The trial court still has discretion in sentencing this matter, so they should be allowed to exercise that discretion. Thank you. May I please the court, Assistant State's Attorney Monique Padden representing the people of the state of Illinois. Upon review and preparation for this oral argument, it became clear that the appropriate remedy in this case is to remand this matter to the trial court to fashion an appropriate sentence guided by the current statutory sentencing guidelines. In People v. Banks, this court held that it is proper for the trial court to consider the nature and the circumstances of the offense, including the nature and extent of each element of the offense. And further, in People v. Kibayasi, this court also held that a trial court is permitted to consider in aggravation the fact that defendant's conduct caused or threatened serious harm. If we look to the first, this shooting took place without regard for the several other individuals who were in the area at the time. There is testimony demonstrating that this shooting took place just after a school dismissal with several other witnesses besides the victims in the area at the time. Specifically, Christina Gary testified that her mother was there to pick her up from school and was parked on the same corner that defendant and several other individuals were standing. Even more, Principal Swenson testified that the only reason she was outside that day was because she'd noticed that several individuals in and around the school were wearing their colors signifying gang membership or gang affiliation. But the judge doesn't even mention that in his sentencing. The judge does not mention that in his sentencing, Your Honor. But, as you noted earlier, he did note that the Principal Swenson was outside that day taking photographs to demonstrate to law enforcement that there was a persistent gang problem in the area. But if there was an aggravating factor, why didn't he mention it? I mean, you would think that if there was a really important testimony that he would have at least raised some, he didn't talk about the school, the principal, that none of that came out. He did not reference those things specifically, Your Honor. But the court did mention several of the facts that were present, including that the shooting took place with several other individuals in the area and that the defendant shot into the back of a van carrying four other individuals. Even more than that, the court noted that the senseless nature of defendant's offense. And from that, we can gather that the reason why the offense was with several other individuals outside at the time, and that based on the testimony presented, there was no threat to defendant at the time of the shooting. Even more than that, each of the witnesses testified that several individuals who were standing on the corner that day, including defendant, were yelling gang slogans and gang phrases as well as displaying hand signs associated with gang membership and gang affiliation. Now, defendant first takes issue with the trial court's statement that defendant opened up with a gun on a van carrying four other people. But as cited by opposing counsel, it was held in People vs. Banks that the trial court did not improperly consider defendant's use of a gun, even though the trial court specifically stated that the defendant was, quote, firing at other human beings. And also in Kibayasi, it was held that it is unrealistic to suggest that a trial court must avoid referencing defendant's use of a firearm or risk committing reversible error. Each of the justices here today, you all have acknowledged that it is hard to describe the facts of the case without noting that defendant used a firearm. And for those reasons, it is apparent that the trial court's reference to defendant's use of a Another case cited by opposing counsel in People vs. Walker. That court there held when determining whether a sentence is proper, the reviewing court must not view the court's statements in isolation, but should consider the entire record. Defendant isolates one statement the court made and claims that it was improper. But when we review the record, it demonstrates at the sentencing hearing the court also considered defendant's pre-sentence report, his family history, social history, criminal background, the senseless nature of defendant's offense, as well as defendant's unwillingness to take responsibility for his actions, despite the multiple eyewitnesses who, having known defendant for a number of years, identified him as the shooter. What about defendant's argument that the judge improperly found as a fact that he was involved in gangs? Your Honor, there is a distinction to be had between gang involvement and gang membership. And while there was no testimony that defendant was an actual gang member, everything preceding the shooting was gang related. And it would defy all logic to say that the shooting was not gang related in some way. Certainly, defendant would not testify that he was gang related. The yelling of gang slogans and gang phrases, the displaying of hand signs associated with gang membership and gang affiliation, the reason why Principal Swinton was outside was because of gang involvement in the area, and her noting that several individuals in and around the school was wearing their gang colors that day. There is nothing else present in the facts of this case to demonstrate that the shooting was related to anything other than gang membership. The court's ultimate finding of no severe bodily injury was erroneous. Again, it is the people's position that this matter should be remanded to the trial court for resentencing in accordance with the applicable law. Well, let me ask you, is it the State's position that any time, under the statute, any time a crime is committed, and one of those offenses requires a finding by a jury that the offense involved great bodily harm, that the trial court then automatically has to impose consecutive sentences? Yes, Your Honor. It has been held that a finding of great bodily harm is synonymous with a  Well, Ms. Boone came to that conclusion, but what I'm asking you is whether your interpretation of the statute deprives the sentencing court of any discretion, that if an offense involves great bodily harm, and there are multiple offenses, one of which is a class act, the trial judge has no discretion to impose the sentence. If we look to the 2008 case of People v. DeLeon, the Illinois Supreme Court there held that there was severe bodily injury, where the victim suffered a penetrating bullet wound to the chest, but was able to drive away from the scene after being shot, collect the bullet once it exited his body, drive himself to a gas station, ask for help, and wait for the police to arrive. Great bodily harm can be found, whereas here a bullet penetrates an individual's arm, she goes to the hospital, receives treatment and is released the same day. That can be great bodily harm. Your position, the state's position is, any time a bullet penetrates a body, requires medical attention, that equates to severe bodily injury for purposes of consecutive sentences. Yes, Your Honor, and if we look, DeLeon does not stand alone in that proposition. If we look to People v. Johnson, there the victim was shot in the shoulder, but managed to flee the scene and waved down a passing motorist and asked the motorist for help, tell the motorist that a shooting and robbery had occurred and had the motorist drive him to the hospital. The court there held, the Illinois Supreme Court there held, that there was severe bodily injury. Then why didn't the legislature in the sentencing statute just say, whenever a jury finds that there is great bodily harm, that there must be consecutive sentences? Why use a different phrase? Your Honor, the people are unaware of why the legislature chose to use a different phrase, but it has been held consistently that a penetrating bullet wound is severe bodily injury. And again, the Illinois Supreme Court has held in DeLeon that a penetrating bullet, that the severe bodily injury inquiry is synonymous to the great bodily harm inquiry. So forget a gun and say, jury found the defendant guilty of aggravated battery involving great bodily harm. Somebody punched him. His face was swollen. His cheekbone was broken. That's great bodily harm. Consecutive sentences automatically, right? Yes, Your Honor. If the, since the severe bodily injury statute would apply. He's completely recovered. He's fine. But the defendant is going to serve consecutive sentences. Yes, Your Honor. But again, that is the current state of the law. DeLeon, People v. Johnson, People v. Prim, where the victim was shot in the thigh, continue to run. Not shot. Hit in the face. There are cases all over the place that something less than bullet wounds constitute great bodily harm. And it says in case severe bodily injury is warranted here because Rebecca Magana suffered the definitional version of severe bodily injury by virtue of having a penetrating bullet wound. And even more, if we look to People v. Amaya and People v. Orozco, those two cases held that there is a severe bodily injury when there is a penetrating bullet wound and the bullet remains lodged in the victim at the time of trial and there is permanent disfigurement in the form of a scar. Rebecca Magana testified to all of these facts. She was shot in the arm as a result of the defendant shooting into the back of the van. At the time of trial, she testified that the bullet remained lodged in her arm and that she suffered a scar from the shooting. So use the word great and the word severe are equivalent. Yes, Your Honor. There is no meaningful distinction to be had between the two of them. Well, usually when words are used, they mean different meanings. If they wanted them to be the same, they would have said so. And if you look at the general understanding of great and severe, it doesn't seem to me that they necessarily are synonymous. Yes, Your Honor. And that argument was made in a case cited by opposing counsel in People v. Eubanks. But again, that case and that argument predates De Leon v. Witherspoon, where it has been held that there is no meaningful distinction between the great bodily harm inquiry and the severe bodily injury inquiry. But shouldn't we be looking at what the trial court did and what the trial court considered? I mean, to take the discretion away from the judge, again, as Justice Mason said, there's nothing in the statute that says judges lose their discretion. Well, Your Honor, if we look to De Leon, the Illinois Supreme Court there actually held that the severe bodily injury inquiry is subject to a manifest weight of the evidence standard of review. So here, the trial court's ruling is against the manifest weight of the evidence because, as stated, Rebecca Magana suffered the definitional version of a severe bodily injury because of her penetrating bullet wound. But they just made the point, then, there must be a difference between severe and great. No, Your Honor. Otherwise, you wouldn't make that argument because it doesn't matter if it's severe or great. No, Your Honor. If we look to, again, De Leon, that case there analogizes severe bodily injury inquiries and the great bodily harm inquiry when it set forth the manifest weight standard of review. The De Leon court held that the manifest weight of the evidence standard of review was applicable to the severe bodily injury inquiry because, in its 2001 ruling in People v. Crespo, it held that the great bodily harm inquiry was subject to a manifest weight standard of review. But if it's a manifest weight standard, then your prior position that the court has no discretion must not be correct. Well, Your Honor, in this instance, the court did not have any other decision to make other than a finding of severe bodily injury because the great bodily harm and severe bodily injury inquiries are synonymous and because the case file overwhelmingly establishes that Rebecca Magana suffered what is severe bodily injury. Again, this was established in De Leon, Johnson, Prim, Amaya, and Orozco. All of these cases demonstrating that the injuries suffered by Rebecca Magana were severe bodily injury. There would be a lot of cases that would be up for review if that's the law, right? That argument would be made in most of the cases that we receive when there's more than one count with regard to shooting. That may be, Your Honor, but the law is the law, and the law right now... So you're saying that most courts are getting it wrong. People should be sentenced to much longer terms in Illinois than what's currently happening. Under your rule, it would be mandatory that we'd have these consecutive sentences. It doesn't matter what the facts are or anything. Somebody gets shot, somebody's going to be in prison for a long time. It certainly matters what the facts are, but the facts of this case show that Rebecca... Well, but it doesn't matter what the facts are. As long as somebody's shot, you're saying that's it. End of question. In accordance with the case law, yes, where there is a penetrating bullet wound, the bullet remains lodged in the victim at the time of trial and there is permanent disfigurement in the form of a scar. That is severe bodily injury. And so while the severe bodily injury is a factual inquiry and the trial court was a fact finder, it remains that the trial court's ruling was against the manifest weight of the evidence because it established that a penetrating bullet wound in and of itself constitutes severe bodily injury. What about a penetrating bullet wound where the bullet was removed and there's a scar? Is that severe bodily injury? Indeed, Your Honor, the bullet did not remain lodged in the victim at that time. In fact, the victim collected the own bullet from his body before he was taken to the hospital and the courts there still found severe bodily injury and the Illinois Supreme Court affirmed that decision. Again, that's what the lower court did. So we've got to look at what the lower court did, which is what counsel was arguing. Yes, Your Honor, but the trial court's ruling is against the manifest weight of the evidence. A lot of the cases that are cited by opposing counsel where there was a finding of no severe bodily injury predate this Illinois Supreme Court's ruling in De Leon and the 2008 People v. Witherspoon case. And thus, the court, any finding contrary to a ruling of severe bodily injury is against the manifest weight of the evidence and should be overturned. For these reasons and for those set forth in the People's Brief, this court should reverse the trial court's finding of no severe bodily injury and remand this matter for re-sentencing in compliance with the applicable statutory guidelines. Thank you. Just briefly, Your Honors, I would first like to mention that for the issue of the double enhancement, the state lists all these factors that came into evidence such as the high school and the people around the shooting. Again, we would just like to emphasize that that's the state's interpretation of the evidence and not what the trial court said at sentencing. Is a trial judge obligated to go into a detailed recitation of all the evidence at trial? What he said was the most aggravating factor in this case are the facts. Doesn't that encompass all the evidence he and the jury heard? We believe that the trial court's going to consider something as an aggravating factor. He should state that as a reason when he's discussing the reasons for why he's imposing a certain sentence. Because those factors were included when the trial court stated his reasons for sentencing Daniel to this particular sentence, those weren't factors that were considered. Those were things that may have come into evidence, but those were not mentioned by the trial court as aggravating factors. What's important here is to emphasize that, is the fact that he emphasized that it was the shooting that he was considering as the most aggravating factor. Also, the state cites banks as a case where the trial court just considered the fact that the shooter shot at several people. That wasn't accurate. The trial court mentioned the fact that the people were unarmed as an aggravating factor, so I just wanted to clear that up. Just as a final note, this wasn't in isolate. We didn't consider these comments in isolation, but more because of the way the judge framed it as the most aggravating facts in this case. Then going on to talking about the shooting. So with that issue, we would ask that Daniel's sentence be remanded for that reason. With regard to the state's position that mandatory sentencing is required, if you look at the Witherspoon case, and I think this clears up a lot of the confusion here, that court did make that distinction, that there's no meaningful distinction between great bodily harm and severe bodily injury. But I think what is more telling in that case is that the court goes into an analysis of the different cases where there's all these different cases where courts have arrived at severe bodily injury and they list a bunch of gunshot wounds. And then they list a bunch of other cases where the court found there was no severe bodily injury, and again, these all involve gunshot wounds. So I think what the Witherspoon court was trying to get at, even though they made that conclusion, is that more that the reviewing court must defer to the trial court's ruling on the matter of severe bodily injury. And because in that case, the trial court had made a finding that there was severe bodily injury, based on the jury's finding of great bodily harm, the trial court, the reviewing court, just deferred to that ruling. In that matter. It's not that that's automatic. The main key point to take away here is that the reviewing court should defer to the trial court's ruling on the matter of severe bodily injury. Many of the cases at state sites, Orozco, Amayo, Primm, in those cases, the trial court never made, or there's no indication that the trial court arrived at a finding of severe bodily injury in one way or the other. If the trial court had arrived at the decision, I think it's safe to say that the reviewing court would have deferred to the trial court's ruling on the matter. So with that, I would ask that this matter be remanded for resensing, and I thank you for your time, Your Honors. Thank you very much for your excellent briefs and excellent arguments. We'll take it under adjustment.